IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00279-WYD-KLM

SEIFULLAH CHAPMAN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, *et al.*,

    Defendants.

## MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND REQUEST FOR EVIDENTIARY HEARING

    Plaintiff Seifullah Chapman, by and through counsel, moves this Court pursuant to Fed R. Civ. P. 65, for a temporary restraining order and/or preliminary injunction to prevent him from suffering irreparable injury from Defendants' violation of his Eighth Amendment right to adequate medical care. Plaintiff requests an evidentiary hearing on this Motion.

    This case merits expedited consideration. Seifullah Chapman is a federal prisoner who has a severe form of Type 1 diabetes that causes him to suffer extreme and sudden swings in blood glucose levels. Without adequate medical care, which Mr. Chapman is not receiving at the ADX, Mr. Chapman is being and will continue to be immediately and irreparably harmed. The frequent and precipitous drops and spikes in his blood sugar can cause and have caused him to suffer serious harm, including loss of consciousness, nerve damage, diabetic ketoacidosis, and severe pain, and put him at substantial risk of suffering eye disease, blindness, amputation, infections, kidney disease, brain damage, and imminent death.

Plaintiff satisfies the four-prong test for preliminary injunctive relief (*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001)), and has made a "strong showing" both with regard to his likelihood of success on the merits and with regard to the balance of harms, as is required for mandatory preliminary injunctions and those that disturb the status quo. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). As set forth more fully in his supporting memorandum, Plaintiff has made a "strong showing" that he will eventually prevail on his Eighth Amendment claim; he will suffer irreparable injury unless he receives injunctive relief; the grave injury to his health outweighs any damage Defendants may incur if required to provide the requested relief; and the relief sought is not adverse to the public interest. *See id.*

WHEREFORE, Plaintiff respectfully requests that the Court enter a temporary restraining order and/or preliminary injunction ordering Defendants to provide him with adequate medical care in accordance with community standards of care for Type 1 diabetes management including, but not limited to: (1) delivering his insulin within 45 minutes of all meals; (2) tailoring the amount of insulin to the number of carbohydrates Mr. Chapman consumes at each meal; and (3) providing him sufficient test strips to enable him to test his blood sugar a minimum of six times per day. Plaintiff also requests that the temporary restraining order remain in effect until such time as the Court dissolves it or grants his motion for preliminary injunction or other requested relief. A Proposed Temporary Restraining Order is attached to this Motion as Exhibit 1.

Finally, "trial courts have wide discretion under Rule 65(c) in determining whether to require security." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009) (citation and internal quotation marks omitted). Because this lawsuit is brought to vindicate Mr. Chapman's Eighth Amendment rights, Plaintiff further requests that any bond requirement be waived. *See Gilmore v. Wells Fargo Bank, N.A.,* 2014 WL 3749984, at *6 (N.D. Cal. July 29, 2014) ("[A] court . . . has the discretion to waive the bond requirement if there is a high probability of success that equity compels waiving the bond, the balance of

equities overwhelmingly favors the movant, it appears unlikely that the defendant will suffer any harm as a result of the preliminary injunction, or the requirement of a bond would negatively impact the movant's constitutional rights."). Additionally, Mr. Chapman should not be required to post bond because he does not have ownership or security interests in receiving medical care. *See RoDa Drilling Co.*, 552 F.3d at 1215. Further, as a prisoner in federal custody Mr. Chapman does not have the means to post bond and to require him to do so would "impede [his] access to judicial review." *San Luis Valley Ecosystem Council v. U.S. Fish & Wildlife Serv.*, 657 F. Supp. 2d 1233, 1248 (D. Colo. 2009).

Pursuant to D.Colo.L.Civ.R. 7.1(A) and as set forth more fully in the "Information for Temporary Restraining Order" attached to this Motion as Exhibit 2, undersigned counsel has conferred with Defendants' counsel who represented that Defendants oppose the relief sought in this motion, including Plaintiff's request for an evidentiary hearing.

Dated: May 22, 2015

Respectfully submitted,

STUDENT LAW OFFICE

*s/ Laura Rovner*
Laura Rovner
Lauren Fontana

*s/ Chelsea Gilbertson*
Chelsea Gilbertson, Student Attorney

*s/ Emily Miller*
Emily Miller, Student Attorney
University of Denver Sturm College of Law
2255 E. Evans Ave., Ste. 335
Denver, CO 80208
Phone: (303) 871-6441
Email: lrovner@law.du.edu
Counsel for Plaintiff Seifullah Chapman

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 22, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

       Zeyen.Wu@usdoj.gov

                                                   *s/ Laura Rovner*
                                                     Laura Rovner