IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00279-WYD-KLM

SEIFULLAH CHAPMAN,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS;
WARDEN JOHN OLIVER, in his official capacity;
FRANKIE CORDOVA, MD, individually and in his official capacity;
GEORGE SANTINI, MD, individually and in his official capacity;
ANTHONY OSAGIE, PA, individually and in his official capacity;
RONALD CAMACHO, PA, individually and in his official capacity,

      Defendants.

---

**EMERGENCY MOTION TO ENFORCE AGREEMENT REACHED IN SETTLEMENT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

---

Plaintiff, through counsel, hereby moves the Court for enforcement of the agreement reached in settlement of Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. 48-1.)

    1.    Plaintiff, Seifullah Chapman, is a federal prisoner who has a severe form of Type 1 diabetes that causes him to suffer extreme and sudden swings in blood glucose levels. In February 2015, he filed this lawsuit against Defendants asserting that their failure to provide him

1

adequate medical care violates his Eighth Amendment right to be free from cruel and unusual punishment.[1]

2. On May 22, 2015, Mr. Chapman filed a Motion for Temporary Restraining Order and/or Preliminary Injunction requesting that the Court order Defendants to provide him with the medical care necessary to prevent further harm to his health or death as a result of his fragile Type 1 diabetes. (Doc. 25 & 26.)

3. On May 29, 2015, the Court commenced an evidentiary hearing on Plaintiff's Motion. The Court heard testimony from Plaintiff and continued the hearing, directing the parties to engage in good faith negotiations to resolve the issues in Plaintiff's Motion. (Doc. 41.)

4. On June 12, 2015, the parties reached an agreement regarding the relief Mr. Chapman sought through his Motion. (Doc. 48.) A letter signed on behalf of the Bureau of Prisons reflecting that agreement, and Defendants' obligations under it, is attached to this Motion as **Exhibit 1.** In the letter, the BOP committed to doing the following:

- Provide Mr. Chapman with one additional test strip per day so that he can test his blood sugar a total of seven times per day;

- Provide Mr. Chapman with one additional dose of regular insulin per day at lunch, for a total of three doses of regular insulin per day. Administration of the third dose of insulin will begin no later than two weeks from the date of this letter. Concurrent with the start of the lunchtime dose of regular insulin, the BOP will re-evaluate the amount of Lantus given to Mr. Chapman;

- The BOP will coordinate Mr. Chapman's meals such that his breakfast, lunch, and dinner are served at the same time that insulin is administered, to begin no later than June 26, 2015.

---

[1] Mr. Chapman's lawsuit also asserts that Defendants have discriminated against him on the basis of his disability in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. That claim was not a basis for Mr. Chapman's Motion for Temporary Restraining Order and/or Preliminary Injunction. *See* Doc. 25 & 26.

5. On June 12, 2015, Plaintiff withdrew his Motion for Temporary Restraining Order and/or Preliminary Injunction based on the understanding that the BOP would perform the obligations set forth in Exhibit 1. (Doc. 48, ¶ 8; Doc. 48-1.)

6. On August 27, 2015, Mr. Chapman was moved from ADX-Florence to the next phase of the ADX Step-Down Unit Program, which is located across the street at USP-Florence. **Ex. 2 – Decl. of Seifullah Chapman, ¶ 4.**

7. When Mr. Chapman arrived at USP-Florence, he was not given any of his property, including his glucometer. He repeatedly pleaded with BOP staff to return it to him, but he didn't receive it until a week later. As a result, he was unable to check his blood sugar for that entire week. **Ex. 2 at ¶ 6.**

8. When Mr. Chapman finally received his glucometer, however, the BOP had stopped providing him with lancets, which are necessary for him to be able to draw his blood to test it in the glucometer. He sent multiple cop-outs and email requests to the medical department asking for lancets, but medical staff told him that they could not provide him lancets because he did not have a prescription for them. *Id.*

9. After again making multiple requests, Mr. Chapman finally received a prescription for lancets, but the prescription only authorizes him to receive one lancet per day. *Id*. Mr. Chapman is supposed to use a new lancet each time he tests his blood, which should occur seven times per day pursuant to the parties' agreement. **Ex. 1**.

10. Mr. Chapman's inability to test his blood sugar with the required frequency is compounded by the fact that when BOP medical staff bring him his insulin, they no longer bring their own glucometer, lancets, and test strips to check his blood sugar prior to giving him his

3

insulin. Instead, he is expected to either use his own supplies or to simply take whatever dose of insulin is presented to him without either he or the medical staff knowing what his blood sugar is at the time the insulin is given. **Ex. 2 at ¶ 8.**

11. Since his transfer to USP-Florence, the BOP has stopped providing Mr. Chapman with his lunchtime dose of regular insulin. **Ex. 2 at ¶ 9**. This is also a violation of the parties' agreement. **Ex. 1.**

12. In addition to withholding the lunchtime insulin dose, Defendants are also delivering Mr. Chapman's morning and evening insulin at wildly inconsistent times. As a result, Mr. Chapman may receive his morning insulin dose as early as 6:00 a.m. or as late as 9:30 a.m.; his evening insulin arrives as early as 2:30 p.m. or as late as 9:00 p.m. **Ex. 2 at ¶ 10.**

13. Despite his inability to check his blood sugar frequently due to the BOP's refusal to provide him adequate supplies, the times that Mr. Chapman has been able to test his blood sugar indicate that he is, once again, having episodes of very low blood sugar. Since his transfer to USP-Florence, he has recorded the following blood sugar values:

- 8/30/2015 – 30 mg/dl
- 9/3/2015 – 44 mg/dl
- 9/5/2015 – 40 mg/dl
- 9/6/2015 – 36 mg/dl
- 9/16/2015 – 43 mg/dl

**Ex. 2 at ¶ 11.** All of the above blood sugars are well below the normal range of 70-180 mg/dl and put Mr. Chapman at risk of hypoglycemia.

4

14. No medical staff came to check on him when he had any of the low blood sugar values set forth above. On two occasions since his transfer to USP-Florence on August 27, Mr. Chapman blacked out due to low blood sugar. **Ex. 2 at ¶ 12.**

15. In addition to the low blood sugar episodes described above, Mr. Chapman has also had many episodes of high blood sugar, including one that was over 500 mg/dl. Since being transferred to USP-Florence, Mr. Chapman has noticed an increase in numbness in his fingers and toes. He has told the medical staff who deliver his insulin about this, but no one responds. **Ex. 2 at ¶ 14.**

16. Since arriving at USP-Florence, Mr. Chapman has had cuts on each of his hands that further split open two weeks ago and which are not healing. **Ex. 2 at ¶ 15.**

17. Mr. Chapman has asked to see a doctor over and over again about the above issues. To date, he has not seen a doctor since his transfer to USP-Florence on August 27, 2015.

18. The BOP is failing to comply with its agreement to (1) provide Mr. Chapman the ability to test his blood sugar seven times per day; (2) provide him a dose of regular insulin with lunch for a total of three regular insulin doses per day; and (3) coordinate his meals with the delivery of his insulin. Defendants' refusal to comply with these provisions has put and continues to put Mr. Chapman at substantial risk of serious harm, including episodes of dangerously high and low blood sugar, loss of consciousness, eye disease, blindness, amputation, infections, kidney disease, diabetic ketoacidosis, brain damage, and imminent death.

**CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(A)**

Pursuant to D.Colo.L.Civ.R. 7.1(A), undersigned counsel contacted Defendants' counsel about this situation on September 16, 2015 at 7:20 a.m. **Ex. 3.** Later that morning, Defendants'

counsel responded that he would "look into these issues and get back to you." *Id.* Undersigned counsel traveled to USP-Florence earlier today to meet with Mr. Chapman, and, having heard nothing further from Defendants' counsel, contacted him again and requested that he provide written assurance that the issues that are the subject of this motion would be addressed immediately or, in the alternative, seeking Defendants' position on the instant motion. Defendants' counsel stated that he is "looking into the issues and trying to figure out what is going on and to ensure that we are complying with the agreement. I reached out yesterday to the BOP to begin doing so. Providing us with 30 hours of notice before filing a motion is not enough time for us to provide a complete response." *Id.*

Undersigned counsel reiterated the urgency of Mr. Chapman's situation and once again requested that Defendants provide written assurance that these issues would be immediately addressed, or provide their position on this motion. *Id.* Having heard nothing further from Defendants' counsel, Plaintiff assumes that Defendants oppose this motion.

## CONCLUSION

By refusing to comply with the terms of the parties' agreement, the BOP has put Mr. Chapman's health – and possibly his life – in imminent danger. This situation must be corrected immediately. As Defendants have not provided any assurance of their ability to do so, Plaintiff respectfully requests the Court's intervention in the form of an Order requiring the BOP to comply with the terms of the parties' agreement of June 12, 2015. (Doc. 48-1.)

Dated: September 17, 2015

Respectfully submitted,

STUDENT LAW OFFICE

*s/ Laura Rovner*
Laura Rovner
Nicole Godfrey

*s/ Chelsea Gilbertson*
Chelsea Gilbertson, Student Attorney
University of Denver College of Law
2255 E. Evans Ave., Suite 335
Denver, CO 80208
Phone: 303.871.6441
Email: lrovner@law.du.edu

Counsel for Plaintiff Seifullah Chapman

## CERTIFICATE OF SERVICE

      I hereby certify that on September 17, 2015, I filed the foregoing Emergency Motion to Enforce Agreement Reached in Settlement of Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction using the Court's CM/ECF system, which will send notice of the filing via electronic mail to the following:

      Zeyen.wu@usdoj.gov
      Amy.Padden@usdoj.gov

      *s/ Laura Rovner*
      Laura Rovner