**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00279-WYD-KLM

SEIFULLAH CHAPMAN,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS;
WARDEN JOHN OLIVER, in his official capacity;
FRANKIE CORDOVA, MD, individually and in his official capacity;
GEORGE SANTINI, MD, individually and in his official capacity;
ANTHONY OSAGIE, PA, individually and in his official capacity;
RONALD CAMACHO, PA, individually and in his official capacity,

     Defendants.

## RESPONSE TO EMERGENCY MOTION TO ENFORCE AGREEMENT

     Defendants are diligently working with Plaintiff and Plaintiff's counsel to provide Plaintiff with the treatment Defendant committed to provide in its June 12, 2015, letter to counsel. Plaintiff's life is not in danger, nor is he at imminent risk of serious harm; therefore, the Court should deny the motion.

     This is the second emergency motion filed by Plaintiff in this case. *See* Docs. 25, 26. The first emergency motion for a temporary restraining order/preliminary injunction was resolved, as Plaintiff notes, through an informal commitment by Defendants to provide Plaintiff with certain courses of treatment that he requested and that Defendants agreed were consistent with treatment recommendations for Plaintiff's Type I diabetes.

1

Plaintiff now contends that Defendants are not providing him with the care that they agreed to provide.

On or about August 27, 2015, Plaintiff was transferred to the final "step-down" level of the Administrative Maximum ("ADX") facility where he is housed. This unit, called the D/B Unit, is a less restrictive environment than his prior unit ("J-Unit"). It is located in the United States Penitentiary ("USP") building, not the ADX facility. Neither the undersigned nor agency counsel assigned to this case were informed of Plaintiff's transfer until being notified by representatives for Plaintiff on September 16, 2015.

On September 16, 2015, a representative for Plaintiff sent an e-mail to the undersigned making allegations regarding the medical care being provided to Plaintiff in his new unit. The next day, Plaintiff filed the instant motion.

Defendants concede that Plaintiff's transfer to a less restrictive unit, and a different prison, has resulted in some disruption of the routine of care that had been established at J-Unit. At the USP, different medical providers and different food services officials are responsible for serving Plaintiff food and administering medication. The inmates who participate in "pill-line" and require medical attention are also different from the population of inmates at ADX.

Since receiving the September 16, 2015, e-mail, Defendants have been continuously working to ensure that prison staff coordinate Plaintiff's medical treatment in accordance with the June 12, 2015 letter. Defendants have also communicated on multiple occasions with Plaintiff's representatives, providing documentation and updates. As Plaintiff notes, he has been receiving the third dose of insulin, delivered at lunchtime, which was one of the items Defendants committed to provide to Plaintiff. The Staff Physician for the USP, Dr. David Oba

(whose declaration Plaintiff attached as Exhibit 1 in its supplemental filing (Doc. 85-1)), wrote a clarifying medical note to Plaintiff's medical file, emphasizing the aspects of Plaintiff's treatment regimen that Defendants committed to provide. Ex. 1 (medical note written by Dr. David Oba, and prescriptions for Seifullah Chapman, Sept. 17, 2015). Since that time, another clarifying note has been added to Plaintiff's file affirming that Mr. Chapman is to be provided with sufficient lancets and test strips so that he can check his own blood glucose five times per day (this is in addition to the three times per day that medical staff check his blood glucose, for a total of eight times per day). Ex. 2 (medical note for "five times daily test strips and lancets," Sep. 23, 2015). Finally, the undersigned and agency counsel have spoken to food services and to medical providers, and BOP staff members are aware of their obligations with respect to coordinating insulin delivery with Plaintiff's meal service.

Contrary to Plaintiff's assertions, he is not at imminent risk of serious harm. He has still been receiving insulin, he still has had time to exercise, and he may still exercise in his cell. He has also been transferred to a less restrictive environment; therefore, he has more total time outside of his cell. Further, Plaintiff has not made any allegations that he has been deprived of food, and he still receives a diabetic snack with every meal. He has continued to make purchases from the prison commissary to supplement the food he is served.

Plaintiff alleges that the times at which insulin is provided varies widely, but insulin delivery time was not one of the commitments Defendants made in their June 12, 2015 letter. First, Plaintiff is prescribed, and has been receiving, a daily dose of 28 units of long-acting insulin (Lantus). This medication is a specialized prescription that is not on the Bureau of Prisons' list of standard medication for diabetics (*i.e.*, it is a non-formulary medication). Long-

3

acting insulin is insulin that is released throughout the day and intended to prevent fluctuations in a person's blood sugar throughout that day.  Second, as discussed in the hearing regarding Plaintiff's first emergency motion, short-acting insulin balances blood glucose levels in the short-term, often in conjunction with food intake.  As described above, Defendants are committed to ensuring that Plaintiff's short-acting insulin is delivered in coordination with his meals.

In an unsigned and undated document entitled "Declaration of Seifullah Chapman" (Doc. 85-3), Plaintiff makes several allegations that are contradicted by his medical records:

| **Source** | **Date and Time** | **Blood Glucose** |
| --- | --- | --- |
| Unsigned and undated document (Doc. 85-3) | 9/23/2015, 11:35 a.m. | 40 mg/dl |
| Plaintiff's medical records (Ex. 3) | 9/23/2015, 1:56 p.m. | 55 mg/dl |
| Plaintiff's medical records (Ex. 3) | 9/23/2015, 7:33 a.m. | 218 mg/dl |
| Unsigned and undated document (Doc. 85-3) | 9/28/2015, 11:45 a.m. | 33 mg/dl |
| Plaintiff's medical records (Ex. 3) | 9/28/2015, 12:01 p.m. | 68 mg/dl |

The undersigned sent Plaintiff's counsel a copy of Exhibit 3 on October 1, 2015, prior to Plaintiff filing his supplement to the emergency motion, but Plaintiff does not address these contradictory records in his supplemental filing.

Comparing the blood glucose measurements taken by BOP medical providers in the past two weeks with the allegations made by Plaintiff in the unsigned and undated document, they

4

appear to be inconsistent.  Whereas Plaintiff alleges that he measured blood glucose levels below 70 mg/dl multiple times between September 19, 2015, and September 28, 2015, Defendants' records show only two measurements of less than 70 mg/dl during that time period.  Most of Defendants' records show blood glucose in the normal range, or even a bit higher than what would be considered ideal.  Ex. 3.  Moreover, as explained by Plaintiff's own expert during the hearing regarding Plaintiff's prior emergency motion, the way to remedy low blood sugar is to consume carbohydrates.  Accordingly, Plaintiff has a remedy for low blood sugar: he can eat food that he has in his cell.

At this point in time, Defendants intend to continue the treatment it committed to providing in the June 12, 2015, letter to counsel, and Plaintiff is not in imminent danger of serious harm.

WHEREFORE, Defendants request that Plaintiff's emergency motion be denied.

Dated October 5, 2015.                           Respectfully Submitted,

                                                 JOHN F. WALSH
                                                 United States Attorney

                                                 *s/ Zeyen J. Wu*
                                                 Zeyen J. Wu
                                                 Assistant United States Attorney
                                                 1225 Seventeenth Street, Suite 700
                                                 Denver, Colorado 80202
                                                 Telephone: (303) 454-0100
                                                 Fax: (303) 454-0404
                                                 zeyen.wu@usdoj.gov

                                                 Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 5, 2015, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

lrovner@law.du.edu;
ngodfrey@law.du.edu;
lwebb@law.du.edu,

and I hereby certify that I will mail to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

None.

*s/ Zeyen J. Wu*
United States Attorney's Office

6