# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00279-DDD-KLM

SEIFULLAH CHAPMAN,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
GEORGE SANTINI, MD, individually,
ANTHONY OSAGIE, PA, individually, and
RONALD CAMACHO, PA, individually,

      Defendants.

---

## JOINT STATUS REPORT

---

On August 2, 2018, this Court administratively closed this case pursuant to

D.C.COLO.LCivR41.2 and ordered the parties to submit status reports updating it on pending

appeals if "there is a development in either appeal that needs to be reported." Doc. 407 at 4.

Pursuant to that order, the parties submit this Joint Status Report. This Status Report notifies the

Court that on February 13, 2020, the Tenth Circuit issued its Order and Judgment on the

individual-capacity defendants' interlocutory appeal of the Court's denial of qualified

immunity at summary judgment in this case. *See* Doc. 430 at 26.

## I.    Background

Mr. Chapman's remaining claims allege that Defendants acted with

deliberate indifference to Mr. Chapman's Type 1 diabetes in violation of the Eighth

Amendment's Cruel and Unusual Punishments clause. *See* Doc. 407 at 1-2. For relief, Mr.

Chapman seeks damages against the three individually named Defendants, Dr. George Santini,

Anthony Osagie, and Ronald Camacho, pursuant to *Bivens v. Six Unknown Named Agents of*

*Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and sought an injunction against Defendant

Federal Bureau of Prisons ("BOP"). The parties agree that the injunctive-relief claim against the

BOP is moot. The BOP filed an unopposed motion to dismiss that claim, which is pending. Doc.

425.

While litigation in this case was ongoing, Mr. Chapman filed a motion under 28 U.S.C.

§ 2255 in the Eastern District of Virginia requesting that the court vacate three of his convictions

imposed under 18 U.S.C. § 924(c). *See Chapman v. United States*, 326 F. Supp. 3d 228, 248

(E.D. Va. 2018). Mr. Chapman was originally convicted of conspiracy to violate the Neutrality

Act, conspiracy to contribute material support to a designated foreign terrorist organization,

conspiracy to possess and use firearms in relation to a crime of violence under 18 U.S.C. §

924(o), and two counts of the use of a firearm in connection with a crime of violence under

Section 924(c).  *See United States v. Khan*, 309 F. Supp. 2d 789 (E.D. Va. 2004), *aff'd in part*

*and remanded in part*, 461 F.3d 477 (4th Cir. 2006). Mr. Chapman's motion to vacate relied on

the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2016), and

argued that, for the same reasons articulated by the Court in *Johnson*, 18 U.S.C. § 924(c)(3)(B) is

unconstitutionally vague.

On July 20, 2018, Judge Leonie M. Brinkema granted Mr. Chapman's motion to vacate

and ordered his immediate release from Defendant BOP's custody. *Chapman*, 326 F. Supp. 3d at

248. Because Mr. Chapman had already served the term of his sentence on the two remaining

counts, Judge Brinkema ordered Mr. Chapman's immediate release. *See* Doc. 400-1 at 1.

In the instant case, Defendants filed for summary judgment on Mr. Chapman's

*Bivens* and injunctive-relief claims.  Doc. 269 and 270.  The Court denied both motions, and the

individual defendants took an interlocutory appeal as to the denial of qualified

immunity. *See* Doc. 374.

After Mr. Chapman's release from prison, the Court ordered this case administratively

closed pursuant to D.C.COLO.LCivR41.2. Doc. 407.

After his release, Mr. Chapman served more than a year of supervised release. Doc. 424

at 2. Mr. Chapman then filed a motion in the Eastern District of Virginia requesting early

termination of his supervised release. *Id.* Judge Brinkema granted this motion on January 22,

2020. *See* Doc. 424-1 at 3.

## II.     The Tenth Circuit Appeal

The parties fully briefed the appeal in *Chapman v. Santini, et al.*, No. 18-1117, and the

Tenth Circuit held oral argument on November 15, 2018. Doc. 424 at 1. The Tenth Circuit issued

its opinion on February 13, 2020, affirming this Court's denial of qualified immunity to the

individual defendants. *See* Doc. 430 at 3.

If the individual defendants wish to seek further appellate review, the deadline to petition

the Tenth Circuit for rehearing is March 29, 2020. Fed. R. App. P. 40(a)(1). The individual

defendants may also petition for certiorari to the Supreme Court. If the individual defendants

decline to seek further appellate review, the Tenth Circuit's mandate will issue April 5, 2020.

Fed. R. App. P. 41(b).   Once the mandate issues, the parties will request a status conference.

Dated March 18, 2020.

Respectfully Submitted,

s/ *Annika Adams*
Annika Adams, Student Attorney

s/ *Susannah Rogers*
Susannah Rogers, Student Attorney

s/ *Taylor Volkman*
Taylor Volkman, Student Attorney

s/ *Nicole B. Godfrey*
Nicole B. Godfrey
Danielle C. Jefferis
Laura Rovner
University of Denver Sturm College of Law
2255 E. Evans Ave., Suite 335
Denver, CO 80208
Telephone: 303.871.6574
E-mail: ngodfrey@law.du.edu

*Attorneys for Plaintiff*

JASON R. DUNN
United States Attorney

s/Zeyen J. Wu
Zeyen J. Wu
David Z. Moskowitz
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0411
E-mail: david.moskowitz@usdoj.gov

*Attorneys for Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, I electronically filed the foregoing **JOINT STATUS REPORT** with the Clerk of Court using the CM/ECF system which will send electronic notification to the following:

Zeyen Wu
Zeyen.Wu@usdoj.gov

David Moskowitz
David.Moskowitz@usdoj.gov


*Counsel for Defendants*


                                        *s/ Nicole B. Godfrey*
                                        Nicole B. Godfrey