IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00279-DDD-KLM

SEIFULLAH CHAPMAN,

    Plaintiff,

v.

GEORGE SANTINI, MD, in his individual capacity;
ANTHONY OSAGIE, PA, in his individual capacity; and
RONALD CAMACHO, PA, in his individual capacity,

    Defendants.

## JOINT STATUS REPORT

On April 10, 2020, the Court ordered the parties to submit a joint status report regarding four matters: the prospects for settlement, any issues the parties wish to bring to the Court's attention, three alternative trial dates for August or September, and three alternative dates for a Trial Preparation Conference/Final Pretrial Conference. Doc. 435. Each of these issues is discussed in turn below.

### Prospects for Settlement

The parties remain open to settlement discussions, and Mr. Chapman is working to provide Defendants a monetary demand. The parties will apprise the Court of a settlement agreement if one is reached.

## Other Issues

The parties have identified three issues requiring the Court's attention before this matter can proceed to trial. On two of the three issues, the parties agree. As to the third, the parties anticipate that the Court would benefit from briefing, and request a deadline for such briefs, as discussed below.

### *New Deadline for Motions Under Rule 702*

All parties wish to file new or renewed motions pursuant to F.R.E. 702 regarding expert testimony.

Mr. Chapman wishes to file a Renewed Motion under Rule 702 to exclude several opinions of Defendants' expert—Dr. Zachary Bloomgarden—from use at trial. Mr. Chapman timely filed Plaintiff's Motion to Exclude Certain Testimony of Defendants' Proffered Expert Witness Pursuant to Fed. R. Evid. 702 ("702 Motion") challenging these opinions on November 7, 2017, when this case was assigned to Judge Daniel. Doc. 322. The parties fully briefed this motion. Doc. 331; Doc. 335. On March 15, 2018, Judge Daniel denied Mr. Chapman's motion without prejudice and instructed the parties to address any remaining objections to the opinions of the Defendants' expert at the Final Trial Preparation Conference. Doc. 370. However, Judge Daniel never reached a substantive ruling on the issues raised by Mr. Chapman's 702 Motion due to the Defendants' interlocutory appeal of his order denying summary judgment and the government's appeal of Mr. Chapman's release from prison. Doc. 374; Doc. 400.[1]

---

[1] This case originally contained a claim for injunctive relief against Defendant Federal Bureau of Prisons ("BOP"). *See* Doc. 253. On July 19, 2018, Judge Brinkema of the Eastern District of Virginia issued a memorandum opinion in a separate matter ordering Mr. Chapman's immediate release from prison. *See* Doc. 400. Following his release from prison, Mr. Chapman began a three-year term of supervised release. *See id*. During this period of time, the government

Pending resolution of these two appeals, Judge Daniel administratively closed this case pursuant to D.C.COLO.LCivR 41.2. Doc. 407. Thus, the Final Trial Preparation Conference never occurred, and Mr. Chapman's objections to certain opinions of the Defendants' expert have not been ruled upon.

Similarly, Defendants also intend to file one or more motions pursuant to F.R.E. 702 regarding the opinions offered by Mr. Chapman's experts, Dr. Louis Philipson and Dr. Fred Ovsiew. Defendants had not yet filed their Rule 702 motions at the time Judge Daniel administratively closed the case as discussed above. At that time, however, the deadline for filing Rule 702 motions had not yet passed, because under Judge Daniel's Practice Standard III.C, such motions were not due until 30 days prior to trial.

As a result of Judge Daniel's passing and subsequent reassignment of this case to this Court, the deadline to file Rule 702 motions under this Court's Civil Practice Standards has already passed. *See* DDD Civ. P.S. III (F)(4). The parties have conferred regarding this issue, and jointly request a new deadline for Rule 702 Motions of July 31, 2020.

*Final Pretrial Order*

The Final Pretrial Order was approved by Judge Daniel on December 7, 2017. Doc. 330. However, the parties agree that the Final Pretrial Order in this case should be amended in light of this Court's dismissal of Mr. Chapman's claim for injunctive relief. Doc. 434. Pursuant to this Court's Practice Standards, the parties propose the Court set a deadline for the parties to file an

---

appealed Judge Brinkema's order in the Fourth Circuit. Doc. 406 at 2-4. However, the government eventually dismissed its appeal in the Fourth Circuit, and Mr. Chapman successfully sought to terminate his term of supervised release. *See* Doc. 423; Doc. 424. Defendant BOP then moved to dismiss Mr. Chapman's injunctive claim, a request this Court granted on April 10, 2020. Doc. 434.

Amended Final Pretrial order once a date for the Trial Preparation Conference/Final Pretrial Conference is set. *See* DDD Civ. P.S. IV(A)(2).

### *Scope of the Claims to Be Tried*

The parties disagree regarding the scope of Mr. Chapman's claims that remain for trial in light of the Tenth Circuit's opinion.

Mr. Chapman contends that because the Tenth Circuit simply affirmed the district court's denial of summary judgment in its entirety, and neither modified his claims nor ruled in favor of the Defendants in any way, his original claims against the Defendants—as they stood when the Court denied summary judgment—are ready to proceed to trial.

Defendants contend that the Tenth Circuit's opinion identified the only factual incidents pleaded by Mr. Chapman that articulate a violation of clearly established constitutional law, as required to overcome Defendants' defense of qualified immunity, and so Mr. Chapman is permitted to press at trial only those specific claims identified in the Tenth Circuit's opinion.

The parties request that the Court set a deadline of June 30, 2020, for the parties to file simultaneous briefs addressing the scope of the claims to be tried on remand, with simultaneous responses filed 21 days thereafter.

### Trial Dates

The parties could not find mutually agreeable dates for trial in August or September.[2] After conferral, the parties identified the weeks of November 2, 9, or 16 as their preferred window for trial, and the weeks of December 7 and 14 as back-up dates for which all parties, counsel, and witnesses can be available.[3]

### Trial Preparation Conference/Final Pretrial Conference Dates

Due to the unavailability of Mr. Chapman's counsel until after the second week of August, counsel trying the case are not available for a Trial Preparation Conference/Final Pretrial Conference until late August. If the Court is able to schedule a trial during the first three weeks

---

[2] After the parties received the Court's April 10, 2020 Minute Order, Mr. Chapman began conferring with Defendants on trial dates. In that conferral, Mr. Chapman explained why an August trial date is not feasible for his counsel. Mr. Chapman is represented by student attorneys in the University of Denver Sturm College of Law's Civil Rights Clinic ("CRC"). The CRC is a year-long law school clinic in which second and third-year law students represent plaintiffs in civil rights cases in federal court pursuant to D.C.Colo.LAttyR 14. The 2019-20 academic year will end on May 14, 2020. Generally speaking, with certain limited exceptions, no CRC student attorneys are enrolled in the course over the summer, and faculty cover the CRC's cases. Additionally, the CRC operates within the Student Law Office (SLO), and all CRC student attorneys are required to attend a mandatory, week-long orientation to both the CRC and the SLO during the second week of August. Because the CRC faculty's attention will be on this mandatory orientation during both the first (for planning purposes) and second week of August, a trial date in August is not feasible. Moreover, because this Court's Practice Standards require trial counsel to be present at the Trial Preparation/Final Pretrial Conference, Mr. Chapman's trial counsel could not be available for such a conference until mid-August, once the CRC student attorneys begin the 2020-21 academic year. Because incoming CRC student attorneys will need some time to come up to speed on the factual record in this case, Mr. Chapman also indicated that a September trial date would not be ideal, but that he could look to see if such a date worked if Defendants had availability in September. When Defendants responded to Mr. Chapman's conferral, they indicated that the earliest dates available for them, their counsel, and their witnesses are the first three weeks of November.

[3] While all parties, counsel, and witnesses have indicated availability on these dates at this time, many witnesses would need to travel to Denver from out of state, which may not be feasible if the COVID-19 pandemic continues into the fall.

5

of November or the weeks of December 7 or December 14, counsel who will try the case are available for a Trial Preparation Conference/Final Pretrial Conference 3-4 weeks before trial, consistent with this Court's practice standards set forth in DDD Civ. P.S. IV(A)(2). Accordingly, the parties suggest a Trial Preparation Conference/Final Pretrial Conference be scheduled as early as October 5, 2020 should the Court set trial for the first three weeks of November 2020, or as early as November 9, 2020 should the Court set trial for the two available weeks in December 2020.

Respectfully submitted,

STUDENT LAW OFFICE

*s/ Annika Adams*
Annika Adams, Student Attorney

*s/ Susannah Rogers*
Susannah Rogers, Student Attorney

*s/ Taylor Volkman*
Taylor Volkman, Student Attorney

*s/ Nicole B. Godfrey*
Nicole B. Godfrey
Danielle C. Jefferis
University of Denver Sturm College of Law
2255 E. Evans Ave., Suite 335
Denver, CO 80208
Telephone: 303.871.6441
Email: ngodfrey@law.du.edu

*Attorneys for Plaintiff*

                                              JASON R. DUNN
                                              United States Attorney

                                              *s/ Kyle Brenton*
                                              Kyle Brenton
                                              Susan Prose
                                              Zeyen J. Wu
                                              David Z. Moskowitz
                                              Assistant United States Attorneys
                                              1225 Seventeenth Street, Suite 700
                                              Denver, CO 80202
                                              Phone: 303.454.0100
                                              kyle.brenton@usdoj.gov
                                              susan.prose@usdoj.gov
                                              david.moskowitz@udsoj.gov
                                              zeyen.wu@usdoj.gov

                                              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2020, I electronically filed the foregoing **JOINT STATUS REPORT** with the Clerk of Court using the CM/ECF system which will send electronic notification to the following:

Zeyen Wu
Zeyen.Wu@usdoj.gov

David Moskowitz
David.Moskowitz@usdoj.gov

Kyle Brenton
kyle.brenton@usdoj.gov

Susan Prose
susan.prose@usdoj.gov

*Counsel for Defendants*

                                              *s/ Nicole B. Godfrey*
                                              Nicole B. Godfrey